## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LARISSA CURRIER and
NATHAN CURRIER f/k/a
IGOR STEPANENKO,                              CASE NO.:

   Plaintiff,

-VS-

DYCK O'NEAL, INC.,

   Defendant.
_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiffs, LARISSA CURRIER ("Ms. Currier") and NATHAN CURRIER f/k/a IGOR STEPANENKO ("Mr. Currier") (collectively "Plaintiffs"), allege violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), against Defendant, DYCK O'NEAL, INC. ("Defendant").

## INTRODUCTION

1.    The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to eliminate abusive debt collection practices by debt collectors.

1

2.     The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4.     The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## COMMON FACTUAL ALLEGATIONS

5.     Plaintiff, Larisa Currier, is a natural person, and citizen and resident of Hillsborough County, Florida.

6.     Plaintiff, Nathan Currier f/k/a Igor Stepanenko, is a natural person, and citizen and resident of Hillsborough County, Florida.

7.     Defendant is a debt collector as it receives and/or purchases debt from creditors and then attempts to collect those debts.

8.      Defendant is a debt collector because it is a debt collection company that regularly tries to obtain payment of consumer debts through legal proceedings and regularly attempts to collect those debts.

9.      All references to Defendant named herein shall also include any of Defendant's predecessors.

10.     Regions Bank d/b/a Regions Mortgage ("Regions") held the mortgage on Plaintiffs' homestead property.

11.     In or around 2012, Regions filed a mortgage foreclosure lawsuit against Plaintiffs in Hillsborough County, Florida, Case No.: 12-CA-017769 for an alleged default in mortgage payments (hereinafter the "Foreclosure Action").

12.     On or about April 19, 2018, the court in the Foreclosure Action entered a Uniform Consent Final Judgment of Foreclosure (120 Day Sale Date & Waiver of Deficiency as to Defendant's Igor Stepanenko and Larisa Currier [Plaintiffs]) (hereinafter referred to as the "Consent and Deficiency Waiver").  A true and correct copy of the Consent and Deficiency Waiver is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

13.     Pursuant to the Consent and Deficiency Waiver, Plaintiffs agreed to consent to a judgment, and that their homestead would be sold, in exchange for a waiver of any deficiency amount between the proceeds from the sale and the amount due to Regions by Plaintiffs.

14.     Thus, Regions agreed to waive any and all deficiencies, and Plaintiffs are not responsible for any deficiency related to the sale of their home (hereinafter the "Waived Consumer Debt").

15.     Defendant is now attempting to collect the Waived Consumer Debt.

16.     On or about September 23, 2020, Defendant sent Plaintiffs demand for payment for the Waived Consumer Debt (hereinafter referred to as the "First Pay-Off Demand Letter").  A true and correct copy of the First Pay-Off Demand Letter is attached hereto as Exhibit "B" and its contents are incorporated by reference herein.

17.     Pursuant to the First Pay-Off Demand Letter, Defendant demanded payment of the Waived Consumer Debt in the amount $43,350.66.

18.     On or about January 4, 2021, Defendant sent Plaintiffs another demand for payment of the Waived Consumer Debt (hereinafter referred to as the "Second Pay-Off Demand Letter").  A true and correct copy of the Second Pay-Off Demand Letter is attached hereto as Exhibit "C" and its contents are incorporated by reference herein.

19.     Pursuant to the Second Pay-Off Demand Letter, Defendant provided Plaintiffs with an assignment of judgment and note stating that Regions had assigned all of Region's rights and interest in the Foreclose Action to Defendant on August 13, 2020.  (See Exhibit "C").

4

20.    However, Regions did not have any rights or interest to any deficiency proceeds in the Foreclosure Action as it had waived the recover of any deficiency against Plaintiffs pursuant to the Consent and Deficiency Waiver.

21.    Thus, Defendant stands in Regions shoes and is unable to collect any monies related to the Waived Consumer Debt in accordance with the Consent and Deficiency Waiver.

22.    The Second Pay-Off Demand Letter also included a copy of the Consent and Deficiency Waiver.

23.    As Defendant provided Plaintiffs with a copy of the Consent and Deficiency Waiver, Defendant certainly knew that any deficiency had been waived and was not due and owing, and that it had no right to attempt to collect same.

24.    Pursuant to the Second Pay-Off Demand Letter, Defendant demanded payment of the Waived Consumer Debt in the amount $43,826.54.

25.    On or about March 5, 2021, Defendant sent Plaintiffs another demand for payment for the Waived Consumer Debt (hereinafter referred to as the "Third Pay-Off Demand Letter").  A true and correct copy of the Third Pay-Off Demand Letter is attached hereto as Exhibit "D" and its contents are incorporated by reference herein.

26.    Pursuant to the Third Pay-Off Demand Letter, Defendant demanded payment of the Waived Consumer Debt in the amount $43,937.42. However,

Defendant announced that they would accept seventy-five percent (75%) less or $10,984.36, of the Waived Consumer Debt

27.     Pursuant to the First Pay-Off Demand, Second Pay-Off Demand and Third Pay-Off Demand (hereinafter collectively referred to as the ("Pay-Off Demands"), Defendant demanded payment for the Waived Consumer Debt from Plaintiffs.

28.     Defendant attempted to collect the Waived Consumer Debt from Plaintiffs by sending them the Pay-Off Demands.

29.     The Pay-Off Demands are collection attempts because they demand payment for the Waived Consumer Debt and set forth the means and method by which payment must be made.

30.     The Pay-Off Demands provide instructions for payment of the Waived Consumer Debt.

31.     The Pay-Off Demands provide for penalties if payment is not made by a certain date.

32.     The Pay-Off Demands improperly seek payment of the Waived Consumer Debt as it was waived pursuant to the Uniform Consent and Waiver.

33.     Defendant knew that it was not entitled to attempt to collect the Waived Consumer Debt from Plaintiffs as it knew the Waived Consumer Debt had

been waived and deemed uncollectible as a result of the Foreclosure Action and Uniform Consent and Waiver.

34.     The Pay-Off Demands are misleading because they give a false impression of the character of the Waived Consumer Debt.

35.     The Pay-Off Demands hide the true character of the Waived Consumer Debt and impair Plaintiffs' ability to knowledgeably assess the validity of the Waived Consumer Debt.

36.     The Pay-Off Demands are misleading on their face.

37.     All conditions precedents to this action have been fulfilled, waived or performed.

**COUNT I**
**(Ms. Currier vs. Defendant)**
**(Violation of the FDCPA)**

38.     Ms. Currier incorporates Paragraphs one (1) through thirty-seven (37) above as if fully set forth herein.

39.     This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

40.     The alleged mortgage debt, or Waived Consumer Debt, at issue in the Foreclosure Action and Pay-Off Demands is a consumer debt within the meaning of the FDCPA. This so because it was a mortgage loan incurred to purchase Ms.

Currier's residential homestead real property and thereby created an obligation for Ms. Currier to pay money arising out of a transaction in which the money, that is the subject of the mortgage loan transaction was primarily for personal, family, or household purposes.

41.    Ms. Currier is a natural person that was the borrower of and obligated to pay the Waived Consumer Debt.

42.    Defendant is a debt collector within the meaning of the FDCPA.  This is so because:

    a.  Defendant is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Pay-Off Demands for the Waived Consumer Debt; and

    b.  Defendant's principal business purpose is the collection of debts, as Defendant regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person as it did for the Waived Consumer Debt; and

    c.  Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as

it did for the Waived Consumer Debt which originated with Regions and was assigned to Defendant.

43.     The Pay-Off Demands are attempts to collect the Waived Consumer Debt.

44.     The Pay-Off Demands included demands to pay the deficiency incurred as a result of the sale of Ms. Currier's homestead property in the Foreclosure Action, however, any deficiency was waived pursuant to the Uniform Consent and Waiver.

45.     Consequently, Defendant is not entitled to recover or seek to recover the Waived Consumer Debt from Ms. Currier.

46.     Defendant had actual knowledge that the Waived Consumer Debt had been waived as it included a copy of the Uniform Consent and Waiver with the Pay-Off Demands it sent to Ms. Currier, yet still knowingly sent, or caused to be sent, the Pay-Off Demands.

47.     The illegal amounts sought by the Pay-Off Demands are substantial and material.

48.     The Pay-Off Demands are misleading because they give a false impression of the character and/or amounts of the Waived Consumer Debt.

49.     The Pay-Off Demands hide the true character and/or amounts of the Waived Consumer Debt and/or impairs Ms. Currier's ability to knowledgeably assess the validity of the Waived Consumer Debt.

50.     The Pay-Off Demands are false representations as to the correct legal amounts due and owing (which should legally be none) regarding the Waived Consumer Debt.

51.     As a result of Defendant's conduct as described in attempting to collect the Waived Consumer Debt, Defendant has violated 15 U.S.C. §1692(d), 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2)(A) and (B), 15 U.S.C. §1692(e)(5), 15 U.S.C. §1692(f) and/or 15 U.S.C. §1692(f)(1) which provide:

> *§1692(d) A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(2) The false representation of—*
> *(A) the character, amount, or legal status of any debt; or*
> *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*

> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*

> *§1692(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the*

*general application of the foregoing, the following conduct is a violation of this section:*
*(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

52.     As a result of Defendant's debt collection conduct as described herein, Ms. Currier has been injured.

53.     Ms. Currier is: (a) is entitled to collect her attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, LARISA CURRIER, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### (Mr. Currier vs. Defendant)
### (Violation of the FDCPA)

54.     Mr. Currier incorporates Paragraphs one (1) through thirty-seven (37) above as if fully set forth herein.

55.     This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

56.     The alleged mortgage debt, or Waived Consumer Debt, at issue in the Foreclosure Action and Pay-Off Demands is a consumer debt within the meaning of the FDCPA. This so because it was a mortgage loan incurred to purchase Mr. Currier's residential homestead real property and thereby created an obligation for Mr. Currier to pay money arising out of a transaction in which the money, that is the subject of the mortgage loan transaction was primarily for personal, family, or household purposes.

57.     Mr. Currier is a natural person that was the borrower of and obligated to pay the Waived Consumer Debt.

58.     Defendant is a debt collector within the meaning of the FDCPA.  This is so because:

    a.  Defendant is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Pay-Off Demands for the Waived Consumer Debt; and

    b.  Defendant's principal business purpose is the collection of debts, as Defendant regularly sends collections letters and files collection

lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person as it did for the Waived Consumer Debt; and

c. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Waived Consumer Debt which originated with Regions and was assigned to Defendant.

59.    The Pay-Off Demands are attempts to collect the Waived Consumer Debt.

60.    The Pay-Off Demands included demands to pay the deficiency incurred as a result of the sale of Mr. Currier's homestead property in the Foreclosure Action, however, any deficiency was waived pursuant to the Uniform Consent and Waiver.

61.    Consequently, Defendant is not entitled to recover or seek to recover the Waived Consumer Debt from Mr. Currier.

62.    Defendant had actual knowledge that the Waived Consumer Debt had been waived as it included a copy of the Uniform Consent and Waiver with the Pay-Off Demands it sent to Mr. Currier, yet still knowingly sent, or caused to be sent, the Pay-Off Demands.

63.     The illegal amounts sought by the Pay-Off Demands are substantial and material.

64.     The Pay-Off Demands are misleading because they give a false impression of the character and/or amounts of the Waived Consumer Debt.

65.     The Pay-Off Demands hide the true character and/or amounts of the Waived Consumer Debt and/or impairs Mr. Currier's ability to knowledgeably assess the validity of the Waived Consumer Debt.

66.     The Pay-Off Demands are false representations as to the correct legal amounts due and owing (which should legally be none) regarding the Waived Consumer Debt.

67.     As a result of Defendant's conduct as described in attempting to collect the Waived Consumer Debt, Defendant has violated 15 U.S.C. §1692(d), 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2)(A) and (B), 15 U.S.C. §1692(e)(5), 15 U.S.C. §1692(f) and/or 15 U.S.C. §1692(f)(1) which provide:

> *§1692(d) A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
> *(A) the character, amount, or legal status of any debt; or*

> *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*
>
> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*
>
> *§1692(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> > *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

68. As a result of Defendant's debt collection conduct as described herein, Mr. Currier has been injured.

69. Mr. Currier is: (a) is entitled to collect her attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, NATHAN CURRIER f/k/a IGOR STEPANENKO, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT III**
**(Ms. Currier vs. Defendant)**
**(Violation of the FCCPA)**

70.   Ms. Currier incorporates Paragraphs one (1) through thirty-seven (37) above as if fully set forth herein.

71.   This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

72.   The mortgage debt at issue in the Foreclosure Action and Pay-Off Demands is consumer debt within the meaning of the FCCPA. This so because it was a mortgage loan incurred to purchase Ms. Currier's residential homestead real property and thereby created an obligation for Ms. Currier to pay money arising out of a transaction in which the money, that is the subject of the mortgage loan transaction primarily for personal, family, or household purposes.

73.   Ms. Currier is a natural person that was the borrower of and obligated to pay the Consumer Debt, until it was waived pursuant to the Uniform Consent and Waiver.

74.   Defendant is a debt collector within the meaning of the FCCPA. This is so because:

16

a. Defendant is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Pay-Off Demands; and

b. Defendant's principal business purpose is the collection of debts, as Defendant regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person as it did for the Waived Consumer Debt; and

c. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Waived Consumer Debt which originated with Regions and was assigned to Defendant.

75. The Pay-Off Demands are attempts to collect the Waived Consumer Debt.

76. The Pay-Off Demands included demands to pay the deficiency incurred as a result of the sale of Ms. Currier's property in the Foreclosure Action, however, any deficiency was waived pursuant to the Uniform Consent and Waiver.

77. Consequently, Defendant is not entitled to recover or seek to recover the Waived Consumer Debt from Ms. Currier.

17

78.     Defendant had actual knowledge that the Waived Consumer Debt had been waived as it included a copy of the Uniform Consent and Waiver with the Pay-Off Demands it sent to Ms. Currier, yet still knowingly sent, or caused to be sent, the Pay-Off Demands.

79.     The illegal amounts sought by the Pay-Off Demands are substantial and material.

80.     The Pay-Off Demands are misleading because they give a false impression of the character and/or amounts of the Waived Consumer Debt.

81.     The Pay-Off Demands hide the true character and/or amounts of the Waived Consumer Debt and/or impairs Ms. Currier's ability to knowledgeably assess the validity of the Waived Consumer Debt.

82.     The Pay-Off Demands are false representations as to the correct legal amounts due and owing (which should legally be none) regarding the Waived Consumer Debt.

83.     The Pay-Off Demands constitute "communication" as defined by Florida Statutes, §559.55(2) because they conveyed information such as the alleged amounts owed for the Waived Consumer Debt, who allegedly owed such Consumer Debt, to Ms. Currier and/or her lawyer, both of which are persons and such "communication" was in the form of U.S. Mail, correspondence, fax transmissions and/or email.

84.     As a result of Defendant's conduct as described herein in attempting to collect the Waived Consumer Debt in the Pay-Off Demands, Defendant has violated <u>Florida Statutes,</u> §559.72(9) which makes it unlawful to: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

85.     As a result of Defendant's debt collection conduct as described herein, Ms. Currier has been injured.

86.     Ms. Currier is: (a) is entitled to collect her attorney's fees and costs pursuant to the <u>Florida Statutes</u>, §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, LARISA GILBERT, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to <u>Florida Statu</u>tes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

**<u>COUNT IV</u>**
**(Mr. Currier vs. Defendant)**
**(Violation of the FCCPA)**

87.    Mr. Currier incorporates Paragraphs one (1) through thirty-seven (37) above as if fully set forth herein.

88.    This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

89.    The mortgage debt at issue in the Foreclosure Action and Pay-Off Demands is consumer debt within the meaning of the FCCPA. This so because it was a mortgage loan incurred to purchase Mr. Currier's residential homestead real property and thereby created an obligation for Mr. Currier to pay money arising out of a transaction in which the money, that is the subject of the mortgage loan transaction primarily for personal, family, or household purposes.

90.    Mr. Currier is a natural person that was the borrower of and obligated to pay the Consumer Debt, until it was waived pursuant to the Uniform Consent and Waiver.

91.    Defendant is a debt collector within the meaning of the FCCPA.  This is so because:

   a.    Defendant is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate

        commerce in sending communications such as the Pay-Off Demands; and

b. Defendant's principal business purpose is the collection of debts, as Defendant regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person as it did for the Waived Consumer Debt; and

c. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Waived Consumer Debt which originated with Regions and was assigned to Defendant.

92. The Pay-Off Demands are attempts to collect the Waived Consumer Debt.

93. The Pay-Off Demands included demands to pay the deficiency incurred as a result of the sale of Mr. Currier's property in the Foreclosure Action, however, any deficiency was waived pursuant to the Uniform Consent and Waiver.

94. Consequently, Defendant is not entitled to recover or seek to recover the Waived Consumer Debt from Mr. Currier.

95. Defendant had actual knowledge that the Waived Consumer Debt had been waived as it included a copy of the Uniform Consent and Waiver with the

Pay-Off Demands it sent to Mr. Currier, yet still knowingly sent, or caused to be sent, the Pay-Off Demands.

96.     The illegal amounts sought by the Pay-Off Demands are substantial and material.

97.     The Pay-Off Demands are misleading because they give a false impression of the character and/or amounts of the Waived Consumer Debt.

98.     The Pay-Off Demands hide the true character and/or amounts of the Waived Consumer Debt and/or impairs Mr. Currier's ability to knowledgeably assess the validity of the Waived Consumer Debt.

99.     The Pay-Off Demands are false representations as to the correct legal amounts due and owing (which should legally be none) regarding the Waived Consumer Debt.

100.    The Pay-Off Demands constitute "communication" as defined by Florida Statutes, §559.55(2) because they conveyed information such as the alleged amounts owed for the Waived Consumer Debt, who allegedly owed such Consumer Debt, to Mr. Currier and/or his lawyer, both of which are persons and such "communication" was in the form of U.S. Mail, correspondence, fax transmissions and/or email.

101.    As a result of Defendant's conduct as described herein in attempting to collect the Waived Consumer Debt in the Pay-Off Demands, Defendant has

violated <u>Florida Statutes,</u> §559.72(9) which makes it unlawful to: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

102.    As a result of Defendant's debt collection conduct as described herein, Mr. Currier has been injured.

103.    Mr. Currier is: (a) is entitled to collect her attorney's fees and costs pursuant to the <u>Florida Statutes</u>, §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, NATHAN CURRIER f/k/a IGOR STEPANENKO, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to <u>Florida Statu</u>tes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

By: / s / Nick Fowler
Nick Fowler, Esquire
Florida Bar No.:
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Melissa Miller Thalji, Esquire
Florida Bar No.:174467
FLORIDA CONSUMER LAWYERS
P.O. Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@FloridaCL.com
Counsel for Plaintiff